**VICTORIA GUTKIN o/b/o**
**S.J.C. and A.C.,**

        **Plaintiff,**

**v.**                          **Case No. 8:10-cv-2612-T-24TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

The Plaintiff seeks judicial review of the denial of her claims for child's insurance benefits filed on behalf of her minor children, A.C. and S.C. She urges that the case be reversed and remanded for an award of benefits because the ALJ and Appeals Council utilized incorrect figures in calculating her deceased husband's income for the pertinent period and therefore determined incorrectly that the children did not receive at least one-half of their support from him. Because the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence, I recommend that it be affirmed.

I.

In this case, Plaintiff challenges the Commissioner's decision that her daughters, S.C. and A.C., are not entitled to child's insurance benefits (survivor's benefits) upon the death of their step-father, Stewart Allen Gutkin ("Mr. Gutkin" or "wage earner"), because he

did not provide at least one-half support to them in the year preceding his death. The facts

pertinent to this appeal follow.

Plaintiff married Mr. Gutkin on May 28, 2000. (R. 131, 289). At that time,

Plaintiff's children, A.C. and S.C., were two and fours years old, respectively. (R. 26). Mr.

Gutkin was not the children's biological father.

Mr. Gutkin was found disabled as of September 2000 and became entitled to benefits

in February or March 2001. He died on April 12, 2005, at which time he and Plaintiff were

still married. (R. 236, 289). At the time of his death, A.C. and S.C. were under eighteen

years of age.

Plaintiff filed applications for child's insurance benefits on behalf of A.C. and S.C.

on Mr. Gutkin's earnings record on April 20, 2005. (R. 26-28). The applications were denied

initially and on reconsideration.[1] (R. 31-35, 39-44). Plaintiff timely requested a hearing

before an administrative law judge ("ALJ"). (R. 36-38). A hearing was conducted on May

27, 2008. The Plaintiff was represented at the hearing by counsel and provided brief

testimony about her deceased husband. The ALJ requested that Plaintiff submit additional

information including tax documents. (R. 287-93).

By his decision of August 21, 2008, the ALJ found that Mr. Gutkin was the

stepfather of the children[2] and that he remained married to Plaintiff until his death in April

---

[1]It does not appear that the initial determinations are included in the record.

[2]As noted by the Commissioner, the Social Security Administration ("SSA")
addressed the applications of S.C. and A.C. at the initial and reconsideration levels but the
ALJ and the Appeals Council referenced only the application of S.C. Plaintiff does not
address this. Nonetheless, the decisions of the ALJ and Appeals Council would apply equally

2005.  Thus, as noted by the ALJ, at issue "[wa]s whether the wage earner contributed one-half support to the claimant[s]."  In addressing this issue, the ALJ recognized that the SSA's earlier determinations used only the twelve-month period preceding Mr. Gutkin's death in determining whether he had provided at least one-half support.  However, the ALJ interpreted "the regulations as providing alternative twelve-month periods and if one-half support is shown in any one of those periods, the support requirement will be met."  (R. 23).  Thus, the ALJ considered each of the twelve-month periods set forth in the regulations in determining whether one-half support was shown in any of the periods, and in doing so he used the pooled-fund method.[3]  Utilizing figures from social security records, tax returns, and Plaintiff's pay stubs as well as Mr. Gutkin's pay records, the ALJ determined the income of both during each of the twelve-month periods and concluded that Mr. Gutkin did not contribute at least one-half support to the claimant[s] because Plaintiff had a higher income than Mr. Gutkin for each period.  Upon this conclusion, S.C. [and A.C.] were determined to be not entitled to child's insurance benefits on the record of the deceased wage earner.  (R. 21-24).

to A.C.  Thus, any error in this regard is harmless.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule to an ALJ's misstatement of evidence in a Social Security case); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that the court will not vacate a judgment unless the substantial rights of a party have been affected); Fed. R. Civ. P. 61.

[3]This method "combines the household income and then divides that total by the number of persons living in the household to determine the amount of support required by each member of the household."  *See Reutter v. Barnhart*, 255 F. Supp. 2d 1013, 1017 (D. N.D. 2003), *aff'd in part, vac'd in part by* 372 F.3d 946, 952 (8th Cir. 2004); *see also* POMS RS 01301.190 (2012), available at http://policy.ssa.gov/poms.nsf/lnx/0301301190, (last visited Jan. 25, 2012).

Plaintiff requested review of the ALJ's decision. In his memorandum to the Appeals Council, Plaintiff's counsel argued that the point of dependency to be utilized in this case was the date from which Mr. Gutkin was found disabled, September 2000. By this new argument, in addition to Mr. Gutkin's wages for the year 2000, the ALJ should have included additional income including that reported on 1099 forms, namely $11,010.00, and $1,808.08 in pension distributions. Had all of this income been properly included, counsel urged that Plaintiff established that Mr. Gutkin provided more than one-half support to A.C. and S.C. at least for the nine-month period prior to his disability onset.[4] (R. 279-84). The Appeals Council denied Plaintiff's request for review finding no reason to review the ALJ's decision. However, in doing it so, it expressly addressed at some length the specific argument made by counsel. By its consideration, Mr. Gutkin did not contribute one-half support in any of the pertinent twelve-month periods, i.e., not the twelve months prior to the date he became disabled in September 2000, not the twelve months prior to the date he became entitled to DIB in March 2001, and not the twelve months prior to the month he died and Plaintiff filed the applications on behalf of her children. Even using the nine-month period preceding Mr. Gutkin's onset date (January to September 2000) as urged by Plaintiff, the Appeals Council concluded that Mr. Gutkin's income was still less than that of Plaintiff's. (R. 5-9).[5]

_____

[4]Plaintiff urged that this nine-month period was reasonable and could have been utilized as the point of dependency instead of the twelve-month periods addressed by the ALJ.

[5]Interestingly, the children have been receiving child's insurance benefits from January 2005 forward based on the disability of their biological father, Allen B. Call. (R. 49-57, 287).

## II.

A determination by the Commissioner must be upheld if it is supported by substantial evidence and comports with applicable legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

The Social Security Act ("Act") provides that the surviving child of an individual who dies while fully insured is eligible to receive child insurance benefits if the child (1) files an application; (2) is under age 18 and unmarried at the time of the application, and (3) was dependent on the individual (wage earner) who died. 42 U.S.C. § 402(d)(1); *see also* 20 C.F.R. § 404.350. The Act defines "child" to include a stepchild. *See* 42 U.S.C. § 416(e)(2); *see also* 20 C.F.R. § 404.357. Here, the only dispute is the determination of dependency and the wage earner's income used in determining the same.

A stepchild is considered dependent on the wage earner if the wage earner provided at least one-half of the child's support[6] for the twelve-month period immediately preceding one of the following times: (1) at the time the application for benefits is filed; (2) at the time of the insured's death; or (3) at the time the insured became entitled to disability benefits. *See* 20 C.F.R. § 404.363; 42 U.S.C. § 402(d)(1)(C). A shorter period may be considered if within a twelve-month period the wage earner was forced to stop or reduce his contributions because of circumstances beyond his control. 20 C.F.R. § 404.366(b). The claimant bears the burden of establishing that the child was dependent on the deceased wage earner. *See Macon v. Sullivan*, 929 F.2d 1524, 1525 (11th Cir. 1991); *Gillett-Netting v. Barnhart,* 371 F.3d 593, 598 (9th Cir. 2004).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) Remand And Reversal Demanded With An Immediate Award Of Benefits – Figures Utilized By ALJ And Appeals Council Are Incorrect; When Correct Figures Utilized There Is A Different Result; and

(2) Remand and Reversal Demanded With An Immediate Award of Benefits – The Children Of The Plaintiff Are Entitled To Child Insurance Benefits Because They Are Stepchildren Of The Wage Earner And Received At least One-Half Of Their Support From The Wage Earner As Required.

---

[6]One-half support is defined as making regular contributions for the child's ordinary living costs, with the amount of those contributions equaling or exceeding one-half of the child's ordinary living expenses. 20 C.F.R. § 404.366(b).

By these arguments, Plaintiff essentially restates the argument made to the Appeals Council. She faults the Appeals Council for not including in the calculation of Mr. Gutkin's income the $11,010 he earned as a satellite installer in the year 2000. Had it done so, Plaintiff urges that Mr. Gutkin's income would have exceeded Plaintiff's and he therefore would have contributed at least one-half support for S.C. and A.C. for the nine-month period from January 1, 2000, through September 29, 2000 (the date on which he became disabled).[7] According to Plaintiff, the Commissioner's position that "the $11,010 was included in the calculation for business income which resulted in a loss to the business and consequently should not be included" is incorrect because the correct "test" is income, not what was done with regard to the IRS.[8] In short, Plaintiff claims that the non-employee compensation of $11,010 from Mr. Gutkin's satellite installation business counts as income in determining whether he provided one-half support to S.C. [and A.C.] for the nine-month period of January to September 2000 even though the business had a net loss that year. Had such been included, Mr. Gutkin's income exceeded Plaintiff's and his step-children could properly claim benefits. As a result, Plaintiff urges that the case should be reversed and remanded for an immediate award of benefits. (Doc. 10 at 1-3).

The Commissioner counters that substantial evidence supports the Commissioner's decision that S.C. and A.C. are not entitled to child's insurance benefits because Mr. Gutkin

---

[7]Plaintiff contends this shorter time period should apply because there was a positive change in circumstances in that Mr. Gutkin's income increased "significantly" within the twelve-month period prior to his onset of disability in September 2000. (Doc. 10 at 6).

[8]Plaintiff also contends that a pension distribution of $904.04 should be included in the calculation. While the ALJ did not address this amount, the Appeals Council did and it found that one such distribution was properly included.

did not provide at least one-half support for them during any of the pertinent periods. According to the Commissioner, the record evidence fails to support Plaintiff's contention that Mr. Gutkin provided at least one-half support for S.C. and A.C. from January to September 2000 (assuming that nine-month period was even appropriate). As for Plaintiff's argument that the $11,010 non-employee compensation for Mr. Gutkin's satellite installation business in 2000 should count as income, the Commissioner contends that net loss is not income for the instant purposes and Plaintiff concedes that the business had a net loss in 2000. (Doc. 11).

At the outset, in light of the action by the Appeals Council, I find that the decision of the Appeals Council is the final decision of the Commissioner. *See Hurley v. Barnhart*, 385 F. Supp. 2d 1245, 1254 (M.D. Fla. 2005) (when Appeals Council considers arguments, pertinent law, ALJ's decision, and issues written decision that ALJ did not err, Appeals Council decision subject to review); *see also* 20 C.F.R. § 404.981 (Appeals Council may deny request for review or it may review a case and make a decision). While Plaintiff summarily includes mention of the ALJ in this memorandum, her entire argument focuses on the calculations made by the Appeals Council. In any event, under either decision, my conclusions would be the same.

As an initial matter, I note, as did the ALJ and Appeals Council, that the sole issue is whether S.C. and A.C. were dependent on Mr. Gutkin, the insured wage earner, in contemplation of the Act and applicable regulations. It is not disputed that the children applied for benefits, are under the age of eighteen, and are unmarried such that the application on their behalf was properly made. Furthermore, Plaintiff does not challenge the decision(s)

with respect to the three twelve-month periods used in determining dependency, i.e., whether the child was receiving at least one half of her support from the stepparent. Rather, all that is at issue on this appeal is whether the $11,010 should be attributed to Mr. Gutkin's 2000 income and whether a shorter period of nine months as opposed to twelve months may be considered reasonable under the circumstances.[9]

Plaintiff's challenge to the Appeals Council's finding that the $11,010 reported on Mr. Gutkin's 2000 IRS 1099 form was not income available for the support of the children is not persuasive. As indicated by the Appeals Council:

> The record shows that the [wage earner] was self-employed in 2000 as a satellite installer. The 1099 income of $11,010 represents the gross receipts for his business as shown on the Schedule C filed with his 2000 tax return (Exhibit 27/4). The business had a net loss of $5,894 for the year. The wage earner derived no income from the business, therefore none of the $11,010 was available for the support of the claimant.

(R. 6); *see also* (R. 151, 258). Compensation from a business venture that had a net loss is not income available to a claimant for support. As the Commissioner correctly notes, the

---

[9]"A shorter period will be considered reasonable under the following circumstances: (1) At some point within the 12–month period, the insured either begins or stops providing at least one-half of your support on a permanent basis and this is a change in the way you had been supported up to then. In these circumstances, the time from the change up to the end of the 12–month period will be considered a reasonable period, unless paragraph (b)(2) of this section applies. The change in your source of support must be permanent and not temporary. Changes caused by seasonal employment or customary visits to the insured's home are considered temporary. (2) The insured provided one-half or more of your support for at least 3 months of the 12–month period, but was forced to stop or reduce contributions because of circumstances beyond his or her control, such as illness or unemployment, and no one else took over the responsibility for providing at least one-half of your support on a permanent basis. Any support you received from a public assistance program is not considered as a taking over of responsibility for your support by someone else. Under these circumstances, a reasonable period is that part of the 12–month period before the insured was forced to reduce or stop providing at least one-half of your support." 20 C.F.R. § 404.366(b).

SSA's Program Operations Manual System ("POMS")[10] states, in pertinent part, that net earnings from the operation of a business are considered income for support purposes, but net loss is not income unless a reason to doubt exists. *See* POMS RS 01301.030(C)(1) (1996), available at http://policy.ssa.gov/poms.nsf/lnx/0301301030, (last visited Jan. 24, 2012). While the SSA's POMS "are not products of formal rulemaking, they nonetheless deserve respect . . ." *Keffeler*, 537 U.S. at 385. This circuit has recognized the same. *See Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003) (recognizing that the SSA's POMS do not have the force of law but noting they can be persuasive). While Plaintiff urges the rule is otherwise, she fails to offer any contrary legal authority to support her position and I can find none.

In light of the above, the remainder of Plaintiff's argument fails. Even assuming that the shortened nine-month period is reasonable under the circumstances,[11] I find that substantial evidence supports the Appeals Council's denial of Plaintiff's applications for child's insurance benefits on the ground that the children did not receive at least one half of their support from their stepfather because Plaintiff's income still exceeded that of Mr. Gutkin.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is

---

[10]The POMS are "the publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

[11]The Appeals Council seemingly found this period reasonable. *See* (R. 7).

otherwise supported by substantial evidence, and I recommend that it be affirmed.  I further

recommend that the Clerk be directed to enter Judgment in favor of the Defendant and to

close the case.

Respectfully submitted this
25th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by

a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6.


Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record